79 F.3d 169
 316 U.S.App.D.C. 367
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Jeffrey B. PINE, et al., Petitioners
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent
 Nos. 94-1786, 95-1004.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 5, 1996.
 
 Before: HENDERSON, RANDOLPH and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 These cases were heard on the record from the Federal Energy Regulatory Commission and on the briefs and arguments of counsel. The court has accorded the arguments full consideration and has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is therefore
 
 
 2
 ORDERED that the petitions for review be denied. The petitioners were not deprived of a reasonable opportunity to submit evidence. The Commission's approval of the market rates was supported by substantial evidence. The petitioners' other issues were not raised before the Commission and we are thus without jurisdiction to consider them. 16 U.S.C. § 825I(b); Platte River Whooping Crane v. FERC, 876 F.2d 109, 112-13 (D.C.Cir.1989) ("As we have repeatedly emphasized, the [jurisdictional] requirements imposed by the [Federal Power Act] are strict. Parties seeking review of FERC orders must petition for rehearing of those orders and must themselves raise in that petition all of the objections urged on appeal." ) (emphasis in original).
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(1).